IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. BOZSIK, | ) | CASE NO. 1:14 CV 1014 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JOHN R. KASICH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Steven A. Bozsik filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Governor John R. Kasich, Ohio Attorney General Mike DeWine, the Supreme Court of Ohio, and Medina County Prosecutor Dean Holman. He filed an Amended Complaint on June 25, 2014 to add claims against Medina County Sheriff Tom Miller. In the Amended Complaint, Plaintiff challenges the constitutionality of Ohio's Vexatious Litigant statute, Ohio Revised Code § 2323.52. He seeks an order from this Court declaring the statute to be unconstitutional, both on its face and as applied to him, and enjoining the Defendants from enforcing the orders declaring him to be a vexatious litigant. He also requests monetary damages from Defendant Miller.

## Factual and Procedural Background

Plaintiff's marriage to his wife, Carol, was falling apart in 1999. *Bozsik v. Bagley*, No. 12–3454, 534 Fed.Appx. 427, 428 -429 (6th Cir. Aug. 16, 2013). She had begun seeing another man and was planning to seek a divorce. *Id.* At the same time, Plaintiff found himself deeply in

debt. *Id.* In November of 1999, Bozsik attempted to raise the life-insurance coverage on his wife from $100,000 to $225,000. *Id.* On the last day of that month, Carol was fatally shot in the family home. *Id.* A jury found Plaintiff guilty of aggravated murder and murder, both with firearm specifications. *Id.* The trial court merged the convictions and sentenced Plaintiff to life in prison, with parole eligibility after twenty-three years. *Id.*

Plaintiff appealed his conviction through the Ohio appellate courts, unsuccessfully challenging his conviction in the Ohio Court of Appeals and the Supreme Court of Ohio. The Supreme Court dismissed his appeal in May, 2002, ending the direct appeal process. Plaintiff filed a motion requesting leave to file a motion for a new trial on January 7th, 2003. This motion was rejected as untimely. He filed a state-court petition to vacate or set aside his sentence on July 3, 2003. This was also dismissed on timeliness grounds. He appealed this determination and was rejected twice more—by the Ohio Court of Appeals and the Supreme Court of Ohio.

Plaintiff was indicted in 2002 for tampering with evidence. He pled guilty to that charge and was sentenced to four years in prison to run consecutively to his aggravated murder conviction.

Plaintiff also filed numerous actions in the federal courts. He submitted five Petitions for a Writ of Habeas Corpus to challenge his 2000 conviction. The first Petition, Case No. 1:03 CV 1625 (N.D. Ohio) was filed on July 31, 2003 and assigned to United States District Judge Paul R. Matia. Judge Matia determined that Plaintiff failed to exhaust his state court remedies and dismissed the Petition without prejudice.

Plaintiff continued to file legal actions to contest his conviction in the state courts. In November 2003, he filed a motion for contempt of court, alleging that the prosecutors in his murder trial disregarded court discovery orders, withheld and falsified evidence, and suborned perjury. The

trial court succinctly denied the motion. He appealed that decision and the Court of Appeals affirmed the trial court's order. *State v. Bozsik*, No. 03CA0141-M, 2004 WL 2244267, at *1 (Ohio App. 9 Dist. Sept. 22, 2004). He also filed a complaint for declaratory judgment in the Medina County Court of Common Pleas on July 29, 2003, requesting that the court order the county coroner to change his wife's time of death on the death certificate from 9:00 a.m. to 9:30 a.m. The trial court premised its *sua sponte* dismissal on the grounds that the basis for Plaintiff's civil action was frivolous and malicious. *Bozsik v. Grabenstetter*, No. Civ.A. 04CA0030-M, 2004 WL 2896420, at *1 (Ohio App. 9 Dist. Dec. 15, 2004).

The Medina County Prosecutor filed a complaint seeking to have Plaintiff declared a vexatious litigator pursuant to Ohio Revised Code § 2323.52(A)(3) on March 3, 2004. Both parties filed motions for summary judgment and on March 17, 2005, Medina County Court of Common Pleas Judge James L. Kimbler declared Plaintiff to be a vexatious litigator prohibiting him from instituting legal proceedings in the court of claims, or in any court of common pleas, municipal court or county court without prior leave of court.

Despite the vexatious litigator determination, Plaintiff filed a Petition for a Writ of Habeas Corpus in the Ohio Fifth District Court of Appeals on March 3, 2006, challenging his 2000 murder conviction. The Court of Appeals denied the Petition on March 15, 2006. Plaintiff appealed that decision to the Ohio Supreme Court with no success.

Plaintiff filed his second federal Habeas Petition, Case No. 1:06 CV 978 (N.D. Ohio) on April 20, 2006. This Petition was assigned to the undersigned District Judge, who determined the Petition was time-barred. The Petition was denied and the case was dismissed with prejudice on January 11, 2008. Plaintiff appealed that decision, but his application for a certificate of

appealability was denied.

Plaintiff then filed a Motion in the District Court seeking relief under Federal Civil Procedure Rule 60(B). This Judge denied the Motion on January 11, 2008.

Throughout 2007 and 2008, the state courts enforced the vexatious litigator order, finding each time that reasonable grounds for Plaintiff's motions did not exist. He filed a complaint in the Supreme Court of Ohio against the Judges in the Ninth District Court of Appeals, seeking a writ of prohibition. The Supreme Court dismissed the case and declared Plaintiff to be a vexatious litigator pursuant to Ohio Supreme Court Rule of Practice XIV(5)(B).

Plaintiff filed a Motion in the Ninth District Court of Appeals seeking leave to file a mandamus action compelling Judge Kimbler to issue a final order pertaining to the vexatious litigator order. He argued that the order was interlocutory and therefore void. The Court of Appeals denied the motion on July 13, 2009 finding it was not based on reasonable grounds.

Plaintiff filed a motion for leave to file a writ of mandamus against Judge Curren, who was assigned by the Chief Justice of the Supreme Court of Ohio to replace trial Judge Collier who recused himself from the case. Plaintiff claimed his sentencing hearing was void because the trial judge failed to impose mandatory court costs. It is unclear whether the Court of Appeals responded to his motion.

Plaintiff filed a third federal Petition for a Writ of Habeas Corpus on February 24, 2009, Case No, 1:09 CV 419. That case was also assigned to the undersigned District Judge, and again, the Petition was dismissed with prejudice as time-barred. Plaintiff did not appeal that decision.

Instead, Plaintiff filed a Motion to Reopen his 2003 Petition. United States District Judge Peter C. Economus was assigned to the case after Judge Matia retired. He granted that Motion and

permitted Plaintiff to amend his Petition, which he did on March 5, 2009. United States District Judge Sara Lioi was assigned to the case in October 2010 when Judge Economus retired. Judge Lioi determined his third through tenth grounds for relief in the Amended Petition did not relate back to the original Petition and were time-barred. She determined that while his first and second grounds for relief did relate back to the original Petition, they were without merit. The Amended Petition was denied and the case was dismissed with prejudice on September 30, 2011. Plaintiff filed a Motion for Reconsideration which was denied. He appealed this decision to the United States Sixth Circuit Court of Appeals on April 11, 2012. He followed that with a motion for relief from judgment pursuant to Federal Civil Procedure Rule 60(B). Judge Lioi denied that motion in August 2012. The Sixth Circuit affirmed the District Court's decision on August 19, 2013.

In the interim, on December 22, 2008, Plaintiff filed a civil rights action under 42 U.S.C. § 1983 against Ohio Assistant Attorney General Nancy Rogers, Medina County Clerk of Courts Kathy Fortney, Wayne County Clerk of Courts Tim Neal, the State of Ohio, and the Judges of the Ohio Ninth District Court of Appeals to challenge the constitutionality of Ohio's vexatious litigant statute, Ohio Revised Code § 2323.52, both in general and as applied to him. He claimed it prevented him from collaterally challenging and appealing his criminal conviction. He asked the Court to enjoin the Defendants from utilizing Ohio Revised Code § 2323.52 to prevent him from filing new actions. That case, No. 1:08 CV 2980 was assigned to this District Court Judge and was dismissed on the merits of his claims with prejudice on March 18, 2009.

Plaintiff filed his fourth federal Petition for a Writ of Habeas Corpus on November 10, 2011. That case, No. 1:11 CV 2445 was assigned to United States District Court Judge James G. Carr. Judge Carr found the Petition was successive and transferred the case to the United States Sixth

Circuit Court of Appeals for leave to proceed pursuant to 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45 (6th Cir. 1997). The Sixth Circuit denied leave to proceed on August 31, 2012.

Plaintiff filed his fifth federal Petition for a Writ of Habeas Corpus on June 5, 2013. That case, No. 1:13 CV 1245 was assigned to United States District Judge Patricia A. Gaughan. Judge Gaughan found the Petition was successive and transferred the case to the United States Sixth Circuit Court of Appeals for leave to proceed pursuant to 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45 (6th Cir. 1997). The Sixth Circuit denied leave to proceed on June 20, 2014.

Plaintiff has now filed this civil rights action once again challenging Ohio's vexatious litigant statute, Ohio Revised Code § 2323.52, both in general and as applied to him. He claims Ohio Senate Bill 168, which became effective June 28, 2002, denied him due process by preventing him from defending his criminal indictment, collaterally attacking his conviction or appealing final orders issued. He claims Ohio Supreme Court Practice Rule 4.03(B) imposes a restriction against him that is overboard, unreasonable, arbitrary and capricious and violates his right to due process and equal protection. He contends Ohio Revised Code § 2323.52 violates the *Ex Post Facto* prohibitions because it retroactively imposes punishment on him which affects his ability to contest his criminal conviction. He claims Ohio Senate Bill 168, amending Ohio Revised Code § 2323.52, is unconstitutional as applied to him as it restricts his ability to appeal from an order of an inferior Ohio court. Finally, he asserts Defendant Miller violated his right to equal protection when he ignored Plaintiff's criminal complaint against Deputy Kevin Ross and did not punish him for the crimes he committed.

The Defendants responded with Motions to Dismiss (ECF Nos. 12 and 15) under Federal Civil Procedure Rule 12(b)(1) and 12(b)(6). First, Prosecutor Dean Holman asserts Plaintiff failed

to state a cognizable claim against him as none of the facts alleged in his Complaint pertain to him. (ECF No. 12 at 121). He claims Plaintiff does not assert Holman advocated or played a role in the adoption of Senate Bill 168. (ECF No. 12 at 121-122). Plaintiff seeks only to enjoin Holman from invoking Ohio Revised Code § 2323.52 when he files an action.

Defendant Miller also asserts Plaintiff failed to state a claim upon which relief may be granted against him. He indicates Plaintiff's Amended Complaint contains very few facts, alleging only that he failed to pursue criminal charges against a deputy based on Plaintiff's allegations. Plaintiff claims this denied him equal protection. (ECF No. 12 at 122-126). Miller asserts Plaintiff did not allege facts to suggest he is a member of a protected class, or that Miller made a decision based on his membership in that class which resulted in Plaintiff being treated differently than other similarly situated individuals. (ECF No. 12 at 122-126). Miller contends the claim is asserted entirely as a legal conclusion which fails to state a claim upon which relief may be granted.

Both Miller and Holman argue that Plaintiff's challenges to Ohio Revised Code § 2323.52 are without merit. They argue his as applied challenges are barred by the *Rooker-Feldman* Doctrine. (ECF No. 12 at 127). They further assert that his challenge to the statue on its face fails because the Sixth Circuit has already found it to be constitutional. *See Hall v. Callahan*, 727 F.3d 450, 453-57 (6th Cir. 2013). (ECF No. 12 at 127).

Defendants Governor John Kasich, Attorney General Mike DeWine, the Supreme Court of Ohio, the Justices of the Ohio Supreme Court, and the Judges of the Ninth District Court of Appeals ("the State Defendants") contend Plaintiff is improperly attempting to relitigate issues that were previously decided by the Ohio courts and by this Federal Court in the re-opening of his habeas petition in Case No. 1:03 CV 1625. (ECF No. 15 at 171-173). They also cite to *Hall v. Callahan*,

727 F.3d 450, 453-57 (6th Cir. 2013) for the proposition that the vexatious litigator statute is constitution on its face. They further claim his as applied challenge to the statute is barred by the *Rooker-Feldman* Doctrine. (ECF No. 15 at 173-175, 177). They contend Plaintiff failed to assert sufficient facts to support his *Ex Post Facto* claim, and assert the *Ex Post Facto* Clause applies only to the Legislative Branch, not the Judicial Branch of government. (ECF No. 15 at 176).

For the reasons set forth below, the Motions to Dismiss (ECF Nos. 12 and 15) are granted. All other pending Motions (ECF Nos. 17, 19, 20, 21, 25, 26, 27, and 28) are denied as moot and this action is dismissed.

## Standard of Review

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claims. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993). *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) motion to dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (same). When determining whether a Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id.* at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in Twombly by stating that "[a] claim has facial plausibility when the Plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. For this analysis, the Court may look beyond the allegations contained in the Complaint to exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a motion for summary judgment. FED.R.CIV.P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## Discussion

### Res Judicata

As an initial matter, Plaintiff already challenged the constitutionality of Ohio Revised Code § 2323.52 on its face and as applied to him in this Federal Court. In *Bozsik v. Rogers*, No. 1:08 CV 2980 (N.D. Ohio Mar. 18, 2009)(Nugent, J), Plaintiff filed a civil rights action under 42 U.S.C. § 1983 against the Ohio Attorney General, the State of Ohio, and the Judges of the Ohio Ninth District Court of Appeals to challenge the constitutionality of Ohio's vexatious litigant statute, Ohio Revised Code § 2323.52, both in general and as applied to him, claiming it denies litigants due process and equal protection, and prevented him from collaterally challenging and appealing his criminal conviction. He asked the Court to enjoin the Defendants from utilizing Ohio Revised Code § 2323.52 to prevent him from filing new action. This Court dismissed that action in March 2009 finding that the Ohio statute was not unconstitutional on its face as a denial of due process or equal

protection and further and stating that his as applied challenge to the statute is barred by the *Rooker-Feldman* Doctrine. He did not file an appeal of that decision.

Plaintiff has now filed this civil rights action under 42 U.S.C. § 1983 to challenge the constitutionality of Ohio's vexatious litigant statute, Ohio Revised Code § 2323.52, both in general and as applied to him, claiming it denies litigants due process and equal protection, and prevented him from collaterally challenging and appealing his criminal conviction. He brings this action against the Ohio Attorney General, and the Judges of the Ninth District Court of Appeals, and adds as Defendants the Ohio Governor, the Ohio Supreme Court, the Justices of the Ohio Supreme Court, the Medina County Prosecutor, and the Medina County Sheriff. He also adds claims for violation of *Ex Post Facto* prohibitions.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. The doctrine of *res judicata* has four elements: (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) an issue raised in the second action which was actually litigated or which should have been

litigated in the first action; (4) an identity of the causes of action.

This case is barred by the doctrine of *res judicata*. Plaintiff brought these same claims in his first civil rights action filed in 2008 and received a final decision on the merits of those claims. Although he attempts to reinvent those claims by adding an objection to the Senate Bill 168 amendment permitting the appellate courts to declare a litigant to be vexatious, that amendment went into effect in June 2002, a full six years before Plaintiff filed his first lawsuit challenging the constitutionality of the statute as a whole. He also attempts to add a claim for *Ex Post Facto* violations. *Res judicata* bars every claim that was actually litigated and every claim that could and should have been litigated in the prior action. Plaintiff could have asserted that claim in the prior civil rights action and the doctrine of *res judicata* applies.

Although Plaintiff adds some Defendants to this action, this will not defeat the *res judicata* bar in this case. Plaintiff's challenge to the constitutionality of the statute is not directed against the Defendants as individuals. Indeed, as they point out in their Motions to Dismiss, Plaintiff does not allege any facts against them personally. Instead, these claims are asserted against the Defendants in their official capacities, as they were in the action in brought in 2008. The claims in both cases are asserted against the State of Ohio and Medina County. They rely on the same facts and the same evidence. Plaintiff is barred by the doctrine of *res judicata* from litigating the constitutionality of Ohio Revised Code § 2323.52 for a second time.

### Vexatious Litigant Statute

Even if Plaintiff's challenges to the statute were not barred by *res judicata*, his claims would be dismissed for the reasons this Court stated in 2008 when addressing these same claims.

**Facial challenge to Ohio Revised Code § 2323.52**

Plaintiff contends that Ohio's vexatious litigant statute is unconstitutional on its face because it prohibits him from defending a criminal indictment, collaterally attacking his conviction, and restricting him from appealing a final order. Because of the wide-spread effects of striking down a statute on its face at the request of a litigant receiving an unfavorable ruling under its terms, courts have long recognized that this step should be used with hesitation. *New York v. Ferber*, 458 U.S. 747, 768 (1982).

Contrary to Plaintiff's assertion, the statute does not prevent a litigant from defending himself in a criminal or civil action. Ohio Revised Code § 2323.52 states in pertinent part:

> (D)(1) If the person . . . is found to be a vexatious litigator, . . . the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:
>
> (a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;
>
> (b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;
>
> (c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

Ohio Rev. Code § 2323(D)(1). By its terms, the statute prohibits a vexatious litigant from initiating proceedings or continuing with proceedings he already initiated without first obtaining leave of court. There is nothing in the statute which reasonably suggests a litigant cannot present a defense in either a civil case filed against the litigant or in a criminal case. Moreover, the Sixth Circuit Court of

Appeals recently entertained a facial challenge to Ohio Revised Code § 2323.52 and concluded it was not overbroad, arbitrary or capricious and did not deny due process or equal protection because it "restrains narrowly only the conduct it seeks to prohibit, by providing a mechanism by which even vexatious litigants can file meritorious actions." *Hall v. Callahan*, 727 F.3d 450, 457 (6th Cir. 2013).

### Challenge to Ohio Revised Code § 2323.52 as Applied to Plaintiff

To the extent Plaintiff seeks a declaration that the statute is unconstitutional as applied in the prior state court proceedings and relieving him from those judgments, the *Rooker-Feldman* doctrine bars review. *Id.* at 454. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The *Rooker-Feldman* doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S.

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme

(continued...)

-13-

462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The *Rooker-Feldman* doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

*Rooker-Feldman* is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir.2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury

---

[1](...continued)
    Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368–69. In conducting this inquiry, the court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

In this case, the sources of the Plaintiff's injury are the judgments of the Medina Court of Common Pleas, the Ohio Ninth District Court of Appeals, and the Ohio Supreme Court declaring him to be a vexatious litigant and barring him from filing continued motions and appeals to challenge his conviction. For relief, he requests that the Court declare "Senate Bill 168, amending O.R.C. § 2323.52...unconstitutional as applied against the Plaintiff by the Judges of the Ninth District Court of Appeals involving his criminal convictions and sentence prior to being labeled a vexatious litigator." (ECF No. 7 at 60). He also requests that this Court "Declare S. Ct. Prac. R. 4.03(B) unconstitutional as applied against the Plaintiff by the Justices of the Supreme Court of Ohio involving his criminal conviction and sentence prior to being labeled a vexatious litigator on June 4, 2008." (ECF No. 7 at 60). In support of his claims, he attaches copies of the orders declaring him to be a vexatious litigant to which he now objects. In essence, Plaintiff is asking this Court to revisit the decision of the Ohio courts to declare him to be a vexatious litigant and declare those decisions to be unconstitutional because they restrict his ability to continue to file challenges to his criminal conviction. As this Court stated in response to this argument in 2008, this Court lacks jurisdiction to grant that type of relief.

Finally, Plaintiff was not deprived of his ability to challenge his conviction through the proper appeals. He filed a direct appeal of his conviction and appealed that decision to the Ohio Supreme Court. He filed a post conviction petition and appealed the denial of that petition to the Ohio Supreme Court. He filed motions for a new trial, a motion for contempt and a motion for declaratory judgment. Those motions were denied and all avenues for relief were thoroughly litigated and closed before Plaintiff was declared to be a vexatious litigant. The invocation of this statute is not preventing Plaintiff from pursuing viable appeals or other avenues of relief to challenge his conviction.

### Equal Protection Claim against Tom Miller

The only claim presented in the Complaint which is not barred by *res judicata*, is Plaintiff's claim against Medina County Sheriff, Tom Miller for denial of equal protection. He states that Miller refused to file criminal charges against a deputy based on Plaintiff's allegations. Plaintiff contends this is a denial of equal protection.

As an initial matter, Plaintiff includes very few factual allegations to support this claim. The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir.2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

In this case, Plaintiff does not allege disparate treatment. Plaintiff has no constitutional right

-16-

to have someone else arrested for a crime. *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006). He does not allege that he is a member of a suspect class and was treated differently than others who were not in the suspect class, nor does he allege he was treated different than others similarly situated to him. He simply states Miller would not arrest his deputy on Plaintiff's allegations. Plaintiff does not even indicate what those allegations of wrong-doing involved. This claim is stated entirely as a legal conclusion, which is not sufficient to meet the basic pleading requirements of Federal Civil Procedure Rule 8.

## Conclusion

Accordingly, the Motions to Dismiss (ECF Nos. 12 and 15) are granted. All other pending Motions (ECF Nos. 17, 19, 20, 21, 25, 26, 27, and 28) are denied as moot and this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 17, 2014

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.